April L. Hollingsworth
UT Bar No. 09391
**HOLLINGSWORTH LAW OFFICE, LLC**
40 South 600 East
Salt Lake City, Utah 84102
Tel: (801) 415-9909; Fax: (801) 303-7324
april@aprilhollingsworthlaw.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Pro hac vice applications forthcoming*

*Attorneys for Bascom and the Hourly Employees*

**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **AUSTIN BASCOM, Individually and for Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KENNECOTT UTAH COPPER LLC,**<br><br>**Defendant.** | **ORIGINAL COLLECTIVE ACTION COMPLAINT**<br><br>JURY DEMANDED<br><br>FLSA Collective Action<br><br>**Case No. ______________________** |

# ORIGINAL COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Austin Bascom (Bascom) brings this collective action to recover unpaid wages and other damages from Kennecott Utah Copper LLC (Kennecott).

2. Kennecott employed Bascom as one of its Hourly Employees (defined below).

3. Bascom and the other Hourly Employees regularly work more than 40 hours a workweek.

4. Kennecott pays Bascom and the other Hourly Employees by the hour.

5. But Kennecott does not pay Bascom and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

6. Instead, Kennecott pays Bascom and the other Hourly Employees non-discretionary bonuses and shift differentials that it fails to include in these employees' regular rates of pay for overtime purposes (Kennecott's "bonus pay scheme").

7. Kennecott's bonus pay scheme violates the Fair Labor Standards Act (FLSA) by failing to compensate Bascom and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 each workweek.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. This Court has general personal jurisdiction over Kennecott because it maintains its principal place of business in Utah.

10. Venue is proper because Kennecott maintains its principal place of business in South Jordan, Utah, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

11. Kennecott has employed Bascom as a haulage operator since approximately October 2021.

12. Kennecott paid Bascom by the hour.

13. Throughout his employment, Kennecott paid Bascom under its bonus pay scheme.

14. Bascom's written consent is attached as **Exhibit 1**.

15. Bascom brings this collective action on behalf of himself and other Kennecott employees paid under its bonus pay scheme.

16. The putative FLSA collective of similarly situated employees is defined as:

> **All hourly Kennecott employees who were paid a bonus and/or shift differential that was not included in their regular rate of pay during the last three years through final resolution of this action (the "Hourly Employees").**

17. Kennecott is a Utah limited liability company headquartered in South Jordan, Utah.

18. Kennecott may be served with process through its registered agent: **Corporation Service Company, 15 West South Temple, Suite 600, Salt Lake City, Utah 84101.**

## FLSA COVERAGE

19. At all relevant times, Kennecott was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

20. At all relevant times, Kennecott was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

21. At all relevant times, Kennecott was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

22. At all relevant times, Kennecott had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

23. At all relevant times, Bascom and the other Hourly Employees were Kennecott's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

24. At all relevant times, Bascom and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

25. Kennecott runs "a world-class, integrated copper mining operation . . . [which] includes a concentrator, smelter and refinery and tailings storage facility" that it touts as "one of the top producing mines in the world."[1]

26. To meet its business objectives, Kennecott employs workers, including Bascom and the other Hourly Employees.

27. For example, Kennecott has employed Bascom as a haulage operator since approximately October 2021.

28. As a haulage operator, Bascom's job duties include operating a haul truck to transport waste and ore, as directed, to the appropriate area within the mining facility.

29. Throughout his employment, Bascom has regularly worked more than 40 hours a workweek.

30. Indeed, Bascom typically works approximately 12 hours a day for 3 to 4 days a week (36 to 48 hours a workweek).

31. Kennecott pays Bascom approximately $30.82 an hour.

32. Likewise, the other Hourly Employees typically work approximately 12 hours a day for 3 to 4 days a week (36 to 48 hours a workweek).

33. And Bascom and the other Hourly Employees record their "on the clock" hours via Kennecott's timekeeping system.

---

[1] https://www.riotinto.com/en/operations/us/kennecott (last visited June 23, 2025).

34. At the end of each pay period, Bascom and the other Hourly Employees receive wages from Kennecott that are determined by common systems and methods that Kennecott selects and controls.

35. But Kennecott does not pay Bascom and the other Hourly Employees at the required overtime rate for all hours worked in excess of 40 in a workweek.

36. Instead, Kennecott pays Bascom and the other Hourly Employees pursuant to its bonus pay scheme.

37. Specifically, Kennecott agreed to pay, and indeed, pays Bascom and the other Hourly Employees non-discretionary bonuses, including production and safety bonuses, as well as shift differentials, that it fails to include in these employees' regular rates of pay for the purpose of calculating their overtime rates of pay.

38. For example, during the pay period ending January 26, 2025, Kennecott paid Bascom an $848.53 non-discretionary "Incent Qtr" bonus, because he fulfilled the requirements set by Kennecott to receive the bonus, and a $24 "Shf Diff 3." But Kennecott did not include this bonus or the $24 shift differential in his regular rate for overtime purposes, as shown in this excerpt from his pay stub:

| Occupation Title | SN | Reg. Hrs | Prem.Hrs | Allow Hr | Total Amount | Description | Cur.Hrs | Cur. Amt | YTD Amount |
|---|---|---|---|---|---|---|---|---|---|
| Operator C | | | | | | CLA Hourly Pa | 76.00 | 2,342.32 | 6,657.12 |
| Operator C | | | | | | Incent Qtr | | 848.53 | 848.53 |
| Operator C | | | | | | OT 1.5x pay | 8.00 | 369.84 | 1,109.52 |
| Operator C | | 12.00 | | 0.83 | 408.22 | Paid Holiday | | | 493.12 |
| Operator C | | 12.00 | | 0.83 | 408.22 | PTO/Vac Cash | | | 1,109.52 |
| Operator C | | 12.00 | | 0.83 | 408.22 | Shf Diff 3 | 24.00 | 24.00 | 140.00 |
| Operator C | | 4.00 | 8.00 | 0.83 | 531.50 | Lnch.333 1.5X | 2.31 | 106.82 | 305.20 |
| Operator C | | 12.00 | | 0.83 | 408.22 | Pre-Shift | 3.50 | 161.84 | 462.40 |
| Operator C | | | | | | Grp Life | | 1.05 | 2.10 |
| Operator C | | | | | | **EARNINGS** | 113.81 | 3,854.40 | 11,127.51 |
| Operator C | | | | | | Med Cost | | 21.00 | 42.00 |
| Operator C | | | | | | Dent Cost | | 29.50 | 59.00 |
| Operator C | | 12.00 | | 12.83 | 420.22 | Hlth Care | | 60.00 | 120.00 |
| Operator C | | 12.00 | | 12.83 | 420.22 | Dep Care | | 30.00 | 60.00 |
| | | | | | | [illegible] | | 100.00 | 200.00 |

39. Thus, under its bonus pay scheme, Kennecott does not pay Bascom and the other Hourly Employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 in a workweek.

## Collective Action Allegations

40. Bascom brings his claims as a collective action under Section 216(b) of the FLSA on behalf of himself and the other Hourly Employees.

41. Like Bascom, the other Hourly Employees are victimized by Kennecott's bonus pay scheme.

42. Other Hourly Employees work and have worked with Bascom, and have indicated they were paid in the same manner under Kennecott's bonus pay scheme.

43. Based on his experience with Kennecott, Bascom is aware Kennecott's bonus pay scheme was imposed on other Hourly Employees.

44. The Hourly Employees are similarly situated in the most relevant respects.

45. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked.

46. Therefore, the specific job titles or locations of the Hourly Employees do not prevent collective treatment.

47. Rather, Kennecott's bonus pay scheme renders Bascom and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rate for all overtime hours worked.

48. Kennecott's records reflect the number of hours the Hourly Employees recorded working "on the clock" each week.

49. Kennecott's records also show it paid the Hourly Employees non-discretionary bonuses and shift differentials that it failed to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

50. The back wages owed to Bascom and the other Hourly Employees can therefore be calculated using the same formula applied to the same types of records for each employee.

51. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Kennecott's records, without detracting from the common nucleus of liability facts.

52. Therefore, the issue of damages does not preclude collective treatment.

53. Bascom's experiences are therefore typical of the experiences of the other Hourly Employees.

54. Bascom has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent collective treatment.

55. Bascom has an interest in obtaining the unpaid wages owed to him and other Hourly Employees under federal law.

56. Bascom and his counsel will fairly and adequately protect the interests of the Hourly Employees.

57. Bascom retained counsel with significant experience in handling complex collective action litigation.

58. Absent this collective action, many Hourly Employees will not obtain redress for their injuries, and Kennecott will reap the unjust benefits of violating the FLSA.

59. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

60. Indeed, the multiplicity of actions would create hardship to the Hourly Employees, the Court, and Kennecott.

61. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

62. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

63. Among the common questions of law and fact are:

a. Whether Kennecott paid the Hourly Employees non-discretionary bonuses and/or shift differentials;

b. Whether Kennecott failed to include non-discretionary bonuses and/or shift differentials in calculating the Hourly Employees' regular rates of pay;

c. Whether Kennecott failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

d. Whether Kennecott's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and

e. Whether Kennecott's violations were willful.

64. As part of its regular business practices, Kennecott intentionally, willfully, and repeatedly violated the FLSA with respect to Bascom and the other Hourly Employees.

65. Kennecott's bonus pay scheme deprived Bascom and the other Hourly Employees of the overtime wages at the required premium rate—based on all remuneration—they are owed under federal law.

66. There are many similarly situated Hourly Employees who have been denied overtime wages at the required rate—based on all remuneration—in violation of the FLSA, who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

67. The Hourly Employees are known to Kennecott, are readily identifiable, and can be located through Kennecott's business and personnel records.

## KENNECOTT'S VIOLATIONS WERE WILLFUL

68. Kennecott knew it employed Bascom and the other Hourly Employees.

69. Kennecott knew it was subject to the FLSA's overtime provisions.

70. Kennecott knew the FLSA required it to pay non-exempt employees, including Bascom and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

71. Kennecott knew Bascom and each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because it recorded these employees' "on the clock" hours worked via its timekeeping system.

72. Kennecott knew Bascom and the other Hourly Employees were non-exempt employees entitled to overtime wages.

73. Kennecott knew it paid Bascom and the other Hourly Employees non-discretionary bonuses and hourly shift differentials.

74. Kennecott knew these non-discretionary bonuses and shift differentials were required to be, but were not included in Bascom's and the other Hourly Employees' regular rates of pay for overtime purposes.

75. And Kennecott knew the FLSA required it to pay Bascom and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

76. Kennecott's failure to pay Bascom and the other Hourly Employees overtime at the required rate—based on all remuneration—for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

77. Kennecott knew its conduct violated the FLSA.

78. Kennecott knowingly, willfully, and/or in reckless disregard of the FLSA carried out its unlawful bonus pay scheme that deprived Bascom and the other Hourly Employees of overtime wages at the required rate of pay—based on all remuneration—for all hours worked over 40 a workweek, in violation of the FLSA.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME UNDER THE FLSA
## (COLLECTIVE ACTION)

79. Bascom brings his FLSA claim as a collective action on behalf of himself and the other Hourly Employees pursuant to 29 U.S.C. § 216(b).

80. Kennecott violated, and is violating, the FLSA by employing non-exempt employees such as Bascom and the other Hourly Employees in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 in a workweek.

81. Kennecott's unlawful conduct harmed Bascom and the other Hourly Employees by depriving them of the overtime wages they are owed.

82. Accordingly, Kennecott owes Bascom and the other Hourly Employees the difference between the wages actually paid and the overtime wages actually earned.

83. Because Kennecott knew or showed reckless disregard for whether this bonus pay scheme violated the FLSA, Kennecott owes Bascom and the other Hourly Employees these wages for at least the past 3 years.

84. Kennecott is also liable to Bascom and the other Hourly Employees for an amount equal to all their unpaid overtime wages as liquidated damages.

85. Finally, Bascom and the other Hourly Employees are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

86. Bascom demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Bascom, individually and on behalf of the other Hourly Employees, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Hourly Employees allowing them to join this action by filing a written notice of consent;

b. An Order finding Kennecott liable to Bascom and the other Hourly Employees for unpaid overtime wages owed under the FLSA, plus an equal amount as liquidated damages;

c. A Judgment against Kennecott awarding Bascom and the Hourly Employees all their unpaid wages, liquidated damages, statutory damages, and any other penalties available under the FLSA;

d. An Order awarding Bascom and the other Hourly Employees attorney's fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Date: June 24, 2025

Respectfully submitted,

**HOLLINGSWORTH LAW OFFICE, LLC**

By: */s/ April L. Hollingsworth*
Local Counsel
UT Bar No. 09391
40 South 600 East
Salt Lake City, UT 84021
Tel: (801) 415-9909
Fax: (801) 303-7324
april@aprilhollingsworthlaw.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

* *Pro hac vice applications forthcoming*

**ATTORNEYS FOR BASCOM AND THE HOURLY EMPLOYEES**