UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN BASCOM, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KENNECOTT UTAH COPPER LLC,<br><br>Defendant. | **AMENDED MEMORANDUM DECISION AND ORDER DENYING [ECF NO. 19] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00505-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Defendant Kennecott Utah Copper LLC's Motion to Dismiss,[1] Plaintiff Austin Bascom's response brief,[2] and Defendant's reply.[3] Plaintiff is an employee of Defendant. Plaintiff brings a collective action, alleging that Defendant failed to pay all the overtime wages owed to him and other similarly situated employees under the Fair Labor Standards Act ("FLSA"). Defendant seeks to dismiss the complaint on two grounds: First, arguing that the National Labor Relations Act ("NLRA") preempts Plaintiff's claims; and second, arguing that the Labor-Management Relations Act ("LMRA") preempts Plaintiff's claims. Having reviewed the briefing and the case law, the court finds that oral argument is not necessary.[4]

---

[1] Mot. to Dismiss ("MTD"), ECF No. 21, filed August 7, 2021. The court will cite to the unredacted, sealed version of the motion throughout this order. The redacted, unsealed version is filed at ECF No. 19.
[2] Bascom's Resp. to Mot. to Dismiss ("Opp."), ECF No. 25, filed September 4, 2025.
[3] Reply in Supp. of Mot. to Dismiss ("Reply"), ECF No. 26, filed September 18, 2025.
[4] *See* DUCivR 7-1(g).

## BACKGROUND

Mr. Bascom brings this collective action on behalf of himself and other Kennecott employees "who were paid a bonus and/or shift differential that was not included in their regular rate of pay."[5] Kennecott has employed Mr. Bascom as a haulage operator since 2021.[6] Mr. Bascom and the other similarly situated Kennecott employees frequently work more than 40 hours a week.[7]

Kennecott pays Mr. Bascom and the other employees an hourly wage and other non-discretionary bonuses, such as production and safety bonuses and shift differentials.[8] Kennecott pays the employees overtime at 1.5 times their hourly wage, but Kennecott does not include the non-discretionary bonuses in their calculations for overtime purposes.[9] The terms of Mr. Bascom's and the other similarly situated employee's pay are set by a collective bargaining agreement ("CBA") between Kennecott and a union.[10]

On June 24, 2025, Mr. Bascom sued Kennecott for failing to pay overtime as required under the FLSA.[11] Mr. Bascom alleges that the FLSA requires Kennecott to include the non-discretionary bonuses as part of the employee's regular rates of pay for overtime purposes.[12] The

---

[5] Original Collective Action Compl. ("Compl.") ¶¶ 15–16, ECF No. 1, filed June 24, 2025.
[6] *Id.* ¶ 27.
[7] *Id.* ¶¶ 30, 32.
[8] *Id.* ¶¶ 26, 31, 37.
[9] *Id.* ¶¶ 37–38.
[10] MTD at 1–3, Ex. B. Under a rule 12(b)(1) motion, a factual attack on jurisdiction gives the district court "wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (quoting *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)). Here, neither party disputes that the CBA exists. Thus, the court will consider it in this motion.
[11] Compl. ¶ 40.
[12] *Id.* ¶ 80.

Complaint makes no mention of the CBA, and Mr. Bascom does not claim that he is not receiving the correct amount of pay under the CBA.[13]

## STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject matter jurisdiction over the claims for relief asserted in the complaint.[14] "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction."[15] That said, at the motion to dismiss stage, a court must accept as true all well-pleaded facts and construe the fact allegations in the light most favorable to the plaintiff.[16]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[17] Thus, to survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] A claim 'has facial plausibility' if the plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[19] But "[t]he court does not accept as true legal conclusions that are couched as factual

---

[13] Opp. at 5, 10.
[14] Fed. R. Civ. P. 12(b)(1).
[15] *Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).
[16] *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014).
[17] *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[19] *VDARE Found. v. Colorado Springs*, 11 F.4th 1151, 1158–59 (10th Cir. 2021) (citing *Iqbal*, 556 U.S. at 678).

allegations,"[20] as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[21]

## DISCUSSION

Defendant first argues that the NLRA preempts Plaintiff's claims under *Garmon* preemption. If *Garmon* preemption applies, then the National Labor Relations Board ("NLRB") would have exclusive jurisdiction over this case.[22] Second, Defendant argues that Section 301 of the LMRA preempts Plaintiff's claims. If the LMRA applies, then Plaintiff must exhaust any grievances procedures under the CBA before bringing suit in federal court.[23] The court considers these arguments in turn.

**I.** ***Garmon* Preemption**

Congress enacted the NLRA to "encourag[e] the practice and procedure of collective bargaining and[] protect[] the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection."[24] "The Supreme Court has considered it essential to the administration of the NLRA that determinations regarding the scope and effect of §§ 7 and 8 'be left in the first instance to the

---

[20] *Murphey v. Mid-Century Ins. Co.*, No. 13-2598, 2014 WL 2619073, at *7 (D. Kan. June 12, 2014) (citing *Ashcroft*, 556 U.S. at 678).
[21] *Ashcroft*, 556 U.S. at 678.
[22] *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 240, 242 (1959).
[23] *Garvin v. Am. Tel. & Tel. Co*., 174 F.3d 1087 (10th Cir. 1999) ("It is well established that "an employee can only sue [under § 301 of the LMRA] if he or she has exhausted any exclusive grievance procedures provided in the collective bargaining agreement.") (quoting *United Food & Commercial Workers, Local Union No. 7R v. Safeway Stores, Inc.,* 889 F.2d 940, 944 (10th Cir. 1989)).
[24] 29 U.S.C. § 151.

4

National Labor Relations Board.'"[25] Thus, under *Garmon* preemption, "both state and federal courts generally lack original jurisdiction to determine disputes involving conduct actually or arguably prohibited or protected by the NLRA."[26] Section 7 of the NLRA grants employees the right to organize and collectively bargain.[27] Section 8 prohibits unfair labor practices by the employer or the labor organization, such as refusing to bargain collectively or unilaterally terminating or modifying the CBA.[28]

As a general matter, Plaintiff's claims do not arguably fall within the prohibitions of Section 7 or 8 of the NLRA. Plaintiff claims that he has not been paid according to the overtime requirements of the FLSA. The FLSA "was designed to give specific minimum protections to *individual* workers and to ensure that *each* employee covered by the Act would receive'[a] fair day's pay for a fair day's work' and would be protected from 'the evil of overwork as well as underpay.'"[29] The Supreme Court recognized that "congressionally granted FLSA rights take precedence over conflicting provisions in a collectively bargained Compensation arrangement."[30] An employee's FLSA rights "to a minimum wage and to overtime pay under the Act . . . cannot be abridged by contract or otherwise waived."[31] Indeed, "FLSA rights . . . are independent of the collective-bargaining process."[32]

---

[25] *United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus. v. Bechtel Power Corp.*, 834 F.2d 884, 886 (10th Cir. 1988) (quoting *Garmon,* 359 U.S. at 244–45).
[26] *Bechtel Power Corp.*, 834 F.2d at 886 (citing *Garmon*, 359 U.S. at 244–45).
[27] 29 U.S.C. § 157.
[28] 29 U.S.C. § 158.
[29] *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).
[30] *Barrentine*, 450 U.S. at 740–741; *see also* 29 C.F.R. § 541.4 ("The Fair Labor Standards Act provides minimum standards that may be exceeded, but cannot be waived or reduced. . . . [C]ollective bargaining agreements cannot waive or reduce the Act's protections . . . .").
[31] *Id.*
[32] *Id.* at 745.

In a nearly identical claim, another court recognized that FLSA claims are not "the kind of organizing or collective bargaining activities encompassed by Section 7[,] . . . nor the employer unfair labor practices detailed in Section 8."[33] There, the court explained that "the actual payment of allegedly improper wages, in contravention of the overtime provisions of the FLSA . . . , is not itself an unfair labor practice implicating Sections 7 or 8 of the NLRA and requiring *Garmon* preemption."[34] And as the Second Circuit has recognized, seeking to enforce "[c]ompl[iance] with valid state and federal statutes that are not themselves preempted or precluded by the NLRA does not, without more, trigger *Garmon* preemption."[35]

Thus, regardless of the terms of the CBA here, Plaintiff is entitled to the minimum wage and overtime protections of the FLSA. These FLSA rights are *individual* and not related to the collective bargaining rights under Section 7 or 8 of the NLRA. And ultimately, the FLSA assigns the judiciary as the place to address the FLSA's overtime requirements, not the NLRB.[36]

Defendant presents two unavailing arguments for why this case nevertheless is preempted under *Garmon*.

First, Defendant contends that Plaintiff is essentially claiming a failure to pay overtime in violation of the CBA—a violation that, if true, would constitute an unfair labor practice governed

---

[33] *Moran v. John J. Picone, Inc.*, No. 24-cv-4095, 2025 WL 2783596, at *5 (E.D.N.Y. Sept. 30, 2025).
[34] *Id.*
[35] *Cortese*, 2023 WL 8368858, at *3.
[36] *Barrentine*, 450 U.S. at 745 ("Congress intended to give individual employees the right to bring their minimum-wage claims under the FLSA in court"); 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."); *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 515–516 (2018) ("It's more than a little doubtful that Congress would have tucked into the mousehole of Section 7 . . . an elephant that . . . seats the [NLRB] as supreme superintendent of claims arising under [the FLSA] statute it doesn't even administer."); s*ee, e.g.*, *Int'l Brotherhood of Elec. Workers, Local 48, AFL-CIO*, 332 N.L.R.B. 1492, 1500 (2000) ("The Labor Department and the courts, not the Board, have the responsibility to enforce the Davis-Bacon Act.").

6

by the NLRA. But this argument relies on a misstatement of Plaintiff's claim. Plaintiff does not dispute his pay under the CBA. Instead, Plaintiff asserts that he was not paid for overtime as required under the FLSA based on the amount he was *actually paid*. The FLSA requires that "all remuneration for employment," with a few exceptions, be included in an employee's "regular rate" when calculating overtime pay.[37] As the Tenth Circuit explained, "[t]he regular rate may include more than just an employee's contractually-designated hourly wage if the employee is, *in fact*, paid more than that hourly wage."[38] "Contractual stipulations as to the regular rate are not controlling, because the regular rate is an '*actual fact*,' rather than 'an arbitrary label chosen by the parties.'"[39] Plaintiff does not claim the CBA requires he be paid more; instead, he claims the FLSA requires he be paid more, regardless of the terms of the CBA. Thus, Defendant's characterization of the claim as a wage dispute under the CBA is unpersuasive.

Second, Defendant asserts that a ruling in Plaintiff's favor would require it to pay opt-in employees a higher overtime rate than others covered by the same CBA—creating unequal pay that, Defendant argues, would constitute an unfair labor practice under the NLRA and trigger *Garmon* preemption. In essence, Defendant contends that the NLRA and FLSA are in conflict, and that under *Garmon*, the NLRA must prevail. But "[w]hen confronted with two Acts of Congress allegedly touching on the same topic, this Court is not at 'liberty to pick and choose among congressional enactments' and must instead strive 'to give effect to both.'"[40] Whether or not unilateral pay increases for only some employees is an unfair labor practice, Defendant's

---

[37] 29 U.S.C. § 207(e).
[38] *Chavez v. Albuquerque*, 630 F.3d 1300, 1305 (10th Cir. 2011) (emphasis added).
[39] *Id.* (quoting *Walling v. Youngerman–Reynolds Hardwood Co.,* 325 U.S. 419, 424 (1945)) (emphasis added).
[40] *Epic Sys. Corp*, 584 U.S. at 510 (quoting *Morton v. Mancari*, 417 U.S. 535, 551 (1974)).

7

possible future liability under the NLRA for granting any court-ordered relief does not excuse Defendant from compliance with the FLSA.

And the reconciliation of these two statutes is clear: If an employer abides by both, then it is not liable under either. It is only when an employer is in violation of the FLSA that double-dip liability becomes possible. When it is clearly possible for an employer to abide by both statutes, the court will not construe the two statutes to be in conflict just because remedying violation of one may lead to violation of the other.

And in any case, the arguable NLRA violation is, at this point, wholly hypothetical. This court has not yet ruled on the validity of Plaintiff's FLSA claim, nor determined the proper remedy. Nor would any NLRA claim be a part of this case but would instead be brought in a separate action with different plaintiffs. If that second hypothetical case materializes, Kennecott would be free to argue that it should go before the NLRB.

The Supreme Court also rejected a similar attempt to create conflicts between the NLRA and the FLSA. In *Epic Systems Corp. v. Lewis,* employees tried to create conflict between the NLRA, the FLSA, and the Arbitration Act in order to avoid individual arbitration contractual clauses that control FLSA claims.[41] There, the employees tried "suggesting that one statute (the NLRA) steps in to dictate the procedures for claims under a different statute (the FLSA), and thereby overrides the commands of yet a third statute (the Arbitration Act)."[42] Justice Gorsuch explained that this theory was "a sort of interpretive triple bank shot, and just stating the theory is enough to raise a judicial eyebrow."[43] Similarly here, Defendant suggests that one statute (the

---

[41] *Id.* at 515.
[42] *Id.*
[43] *Id.*

8

NLRA) steps in to dictate the procedure for claims under a different statute (the FLSA) when the first statute might be implicated by a not-yet-granted remedy under the second statute. It presents an interpretive double bank shot aimed at where the hoop might be in the future.

In sum, this case presents a straightforward case for alleged violation of the FLSA involving the amount Plaintiff is actually being paid, regardless of the terms of the CBA. The mere existence of a CBA does not bring this case within the ambit of the NLRA and the NLRB—instead, it stays in the courts where Congress granted jurisdiction over FLSA claims.

## II.   LMRA Preemption

Section 301 of the LMRA "governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement."[44] If "evaluation of the . . . claim is inextricably intertwined with consideration of the terms of the labor contract[,]" then the law is preempted by Section 301.[45] But "[n]ot every dispute concerning employment or tangentially involving a provision of a collective-bargaining agreement . . . is preempted by § 301."[46] For example, the Tenth Circuit held that state law retaliation claims are not preempted by Section 301 of the LMRA where the "cause of action is concerned not with the employer's contractual rights to discharge the employee, but rather with its motives in exercising that right."[47]

Neither the Supreme Court nor the Tenth Circuit has considered whether a FLSA claim can be preempted by Section 301. But the Supreme Court has explained that "FLSA rights

---

[44] *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).
[45] *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).
[46] *Id.*
[47] *Garley v. Sandia Corp.*, 236 F.3d 1200, 1213 (10th Cir. 2001).

9

cannot be abridged by contract or otherwise waived."[48] Indeed, "Congressionally granted FLSA rights take precedence over conflicting provisions in a collectively bargained compensation arrangement."[49]

The Third Circuit, after considering the context from the Supreme Court, held that FLSA claims that do not depend on "resolution of a disputed reading of the CBA" are not preempted by Section 301.[50] In that case, bus operators asserted that required pre-trip inspections were not included in their overtime compensation as required by the FLSA, but the bus operators did not argue that they were entitled to additional payment under the CBA.[51] Thus, the Third Circuit held that "resolution of the FLSA claim requires a *factual determination* of the amount of time Operators are required to work prior to their scheduled start, and a legal determination regarding whether this time is (1) compensable and (2) subject to the overtime provisions of the FLSA."[52] The Third Circuit explained that "neither of these determinations depends on the resolution of a disputed reading of the CBAs" and thus are not preempted.[53]

District courts across the country agree with this approach: "Where a plaintiff's FLSA . . . overtime claims do not require interpreting a collective bargaining agreement, courts have routinely found that those claims are not preempted or precluded by the LMRA."[54]

---

[48] *Barrentine*, 450 U.S. at 740.
[49] *Id.*
[50] *Bell v. Se. Pennsylvania Transp. Auth.*, 733 F.3d 490, 495 (3d Cir. 2013).
[51] *Id.*
[52] *Id.*
[53] *Id.*
[54] *Moran*, 2025 WL 2783596, at *5 (collecting cases); *see also Ramirez v. Riverbay Corp.*, 35 F. Supp. 3d 513, 523–24 (S.D.N.Y. 2014) (holding no preemption where "plaintiffs do not allege that the CBAs were breached or that the plaintiffs are owed any outstanding nighttime differential pay under the terms of the CBAs" because "[t]here is therefore no dispute about the parties' rights under the CBAs"); *Johnson v. D.M. Rothman Co.*, 861 F. Supp. 2d 326, 333–35 (S.D.N.Y. 2012) (holding no preclusion where there was no dispute that plaintiffs were entitled to night differential, defendant conceded he failed to add night differential to overtime calculation, and plain language of

Here, Plaintiff's claim depends on what was actually paid to him, not what was owed to him under the CBA. "Contractual stipulations as to the regular rate are not controlling, because the regular rate is an '*actual fact*,' rather than 'an arbitrary label chosen by the parties.'"[55] Thus, similar to state retaliation claims, the "cause of action is concerned not with the employer's contractual rights"[56] but with the *actual fact* of Plaintiff's regular rate based on the amount he was actually paid. Therefore, because Plaintiff's FLSA rights are not created by the CBA, and Kennecott has not shown that the FLSA claim requires interpretation of the CBA, LMRA Section 301 preemption does not apply.

## ORDER

Defendant's Motion to Dismiss[57] is DENIED.

---

CBA on the night differential was clear"); *Isaacs v. Central Parking Sys. of N.Y., Inc.*, No. 10-cv-5636, 2012 WL 957494, at *5 (E.D.N.Y., Feb. 27, 2012) (holding no preclusion of FLSA and NYLL claims where the court would not need to determine plaintiff's non-overtime rate under relevant CBAs, plaintiff made no allegation his non-overtime rate was incorrect, and plaintiff explicitly did not allege a breach of the CBA or challenge any of its provision); *Allen v. BHP Navajo Coal Co.*, No. cv 09-692, 2011 WL 13266816, at *3 (D.N.M. Mar. 30, 2011) (holding no preemption where Plaintiff's "Complaint does not allege a violation of the CBA, but rather alleges violations of statutory right granted by the FLSA and state law."); *Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368, at *3 (D.N.J. Jan. 6, 2006) ("Plaintiffs' claims are not based on an interpretation of the collective bargaining agreement with respect to the appropriate wage rate, but are based on their contention that they are entitled to overtime. Plaintiffs are not barred by the LMRA from pursuing these claims under the FLSA merely because its contractual and statutory rights arise from the same factual occurrence."). *But see Hoops v. Keyspan Energy*, 822 F. Supp. 2d 301 (E.D.N.Y. 2011) (holding an FLSA claim was preempted by Section 301 where the Court first had to determine what the Plaintiff was owed under a CBA).
[55] *Chavez*, 630 F.3d at 1305 (quoting *Walling,* 325 U.S. at 424).
[56] *Garley*, 236 F.3d at 1214.
[57] ECF No. 19.

Signed February 4, 2026.

BY THE COURT

_____
David Barlow
United States District Judge