UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AUSTIN BASCOM, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KENNECOTT UTAH COPPER LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [ECF NO. 40] PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE AND GRANTING IN PART AND DENYING IN PART [ECF NO. 53] PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER, CORRECTIVE NOTICE, AND REQUESTS FOR PRODUCTION**<br><br>Case No. 2:25-cv-00505-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Plaintiff Austin Bascom's Motion for Conditional Certification and Court-Authorized Notice,[1] Plaintiff's Emergency Motion for Protective Order, Corrective Notice, and Requests for Production,[2] and the related response briefing.[3] Plaintiff is an employee of Defendant Kennecott Utah Copper LLC ("Kennecott"). Plaintiff brings a collective action, alleging that Defendant failed to pay all the overtime wages owed to him and other similarly

---

[1] Mot. for Conditional Certification and Court-Authorized Notice, ("Mot. for Cert."), ECF No. 42, filed February 12, 2026.

[2] Emergency Mot. for Protective Order, Corrective Notice, and Req. for Produc. ("Em. Mot."), ECF No. 53, filed June 5, 2026.

[3] Def.'s Obj. to Bascom's Mot. for Conditional Certification and Court-Authorized Notice ("Def.'s Obj."), ECF No. 48, filed March 12, 2026; Bascom's Reply in Supp. of Conditional Certification and Court-authorized Notice ("Pl.'s Reply"), ECF No. 51, filed March 26, 2026; Mem. in Opp'n to Bascom's Emergency Mot. for Protective Order, Corrective Notice, and Req. for Produc. ("Opp. to Em. Mot."), ECF No. 57, filed June 22, 2026.

situated employees under the Fair Labor Standards Act ("FLSA"). Having reviewed the briefing and the case law, the court finds that oral argument is not necessary.[4]

## BACKGROUND[5]

Mr. Bascom brings this collective action on behalf of himself and other Kennecott employees "who were paid a bonus and/or shift differential that was not included in their regular rate of pay."[6] So far, eleven opt-in Plaintiffs have joined the case.[7]

Kennecott is a "world-class, integrated copper mining operation headquartered in South Jordan, Utah."[8] Kennecott has employed Mr. Bascom as a haulage operator since 2021.[9] Mr. Bascom and the other allegedly similarly situated Kennecott employees frequently work more than 40 hours a week.[10]

Kennecott pays Mr. Bascom and the other employees an hourly wage and other non-discretionary bonuses, such as production and safety bonuses and shift differentials.[11] Kennecott pays the employees overtime at 1.5 times their hourly wage, but Plaintiff alleges that Kennecott does not include the shift differentials and non-discretionary bonuses in their calculations for

---

[4] *See* DUCivR 7-1(g).

[5] At this stage, the court recites the facts of this case as it understands them according to Plaintiff's complaint and the motions and evidence filed to date.

[6] Original Collective Action Compl. ("Compl.") ¶¶ 15–16, ECF No. 1, filed June 24, 2025.

[7] Pl.'s Notice of Filing Consent, ECF No. 24, filed August 21, 2025; Pl.'s Notice of Filing Consent, ECF No. 27, filed November 12, 2025; Pl.'s Notice of Filing Consent, ECF No. 37, filed February 3, 2026; Pl.'s Notice of Filing Consent, ECF No. 52, filed May 8, 2026;

[8] Mot. to Dismiss 4, ECF No. 19, filed August 7, 2025.

[9] Compl. ¶ 27; Dec. of Austin Bascom ("Bascom Dec.") ¶ 3, ECF No. 42-1, filed February 12, 2026; *see also* Bascom's Pay Stubs, ECF No. 42-1, filed February 12, 2026.

[10] Compl. ¶¶ 30, 32; Bascom's Pay Stubs; Bascom Dec. ¶ 5; Dec. of Gary Moore ("Moore Dec.") ¶ 5, ECF No. 42-4, filed February 12, 2026; Dec. of Destiney Campbell ("Campbell Dec.") ¶ 5, ECF No. 42-5, filed February 12, 2026; Dec. of Blake Nichols ("Nichols Dec.") ¶ 5, ECF No. 42-6, filed February 12, 2026; Dec. of Dustin Stanworth ("Stanworth Dec.") ¶ 5, ECF No. 42-7, filed February 12, 2026.

[11] Compl. ¶¶ 26, 31, 37; Bascom's Pay Stubs; Bascom Dec. ¶ 6; Moore Dec. ¶ 6; Campbell Dec. ¶ 6; Nichols Dec ¶ 6; Stanworth Dec. ¶ 6.

overtime purposes.[12] The terms of Mr. Bascom's and the other similarly situated employee's pay are set by a collective bargaining agreement ("CBA") between Kennecott and a union.[13]

On June 24, 2025, Mr. Bascom sued Kennecott for failing to pay overtime as required under the FLSA.[14] Mr. Bascom alleges that the FLSA requires Kennecott to include the shift-differential and non-discretionary bonuses as part of the employee's regular rates of pay for overtime purposes.[15] Mr. Bascom does not claim that he is not receiving the correct amount of pay under the CBA.

On or around May 1, 2026, Kennecott sent a letter to its employees informing them of this lawsuit.[16] The letter advised employees that Plaintiff's counsel had requested their personal information, explained that employees could choose whether to speak with any attorneys about the case, outlined certain "rights" regarding contacts from Plaintiff's counsel, and directed them to human resources with any questions.[17]

## STANDARD

The FLSA authorizes plaintiffs to bring a collective action for overtime wages on behalf of "other employees similarly situated."[18] "Unlike in a class action under Federal Rule of Civil Procedure 23, parties are added to and bound by a FLSA collective action on an 'opt-in' rather than 'opt-out' basis."[19] "This requires the sending of an accurate and timely notice concerning

---

[12] Compl. ¶¶ 37–38.

[13] Collective Bargaining Agreement ("CBA"), ECF No. 48-2, filed March 12, 2026.

[14] Compl. ¶ 40.

[15] *Id.* ¶ 80.

[16] Kennecott Letter, ECF No. 53-1, filed June 5, 2026.

[17] *Id.*

[18] 29 U.S.C. § 216(b).

[19] *Pichler v. Cotiviti, Inc*, No. 2:23-cv-0884, 2024 WL 3089897, at *3 (D. Utah 2024); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought.").

the pendency of the action so that other 'similarly situated' employees can make an informed decision about whether to join."[20]

To determine whether potential class members are similarly situated at the notice stage, courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[21] "The lenient standard is applied because it recognizes that plaintiffs have been unable to conduct discovery."[22] At the conclusion of discovery, the court moves to the second stage in the analysis and utilizes a stricter standard to determine if class members are similarly situated.[23]

## DISCUSSION

### I.   Conditional Certification

Plaintiff proposes certifying the following class:

> All current and former hourly Kennecott employees who were paid a nondiscretionary bonus and/or shift differential during the past three years (the "Hourly Employees").[24]

To show that all these Hourly Employees are "together the victims of a single decision, policy, or plan," Plaintiff notes that they are all governed by the same CBA[25] and provides five declarations from current or former employees asserting that the Hourly Employees are all similarly paid with shift differentials and incentive bonuses.[26] Defendant does not dispute these

---

[20] *Id.*

[21] *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[22] *Madsen v. Sidwell Air Freight*, No. 1:23-cv-0008, 2024 WL 1160204, at *2 (D. Utah 2024) (citing *Pack v. Investools, Inc.,* No. 2:09-cv-1042, 2011 WL 3651135, at *2 (D. Utah 2011)).

[23] *Thiessen*, 267 F.3d at 1103.

[24] Mot. for Cert. 1.

[25] *See generally*, CBA.

[26] Bascom Dec. ¶ 12; Moore Dec. ¶ 12; Campbell Dec. ¶ 12; Nichols Dec ¶ 12; Stanworth Dec. ¶ 12.

facts, instead arguing that Plaintiff's claims are preempted by the Labor Management Relations Act ("LMRA") and that no FLSA violation occurred.

The court finds that Plaintiff has met his lenient burden to substantially allege that the Hourly Employees were victims of a single policy. All employees within the proposed class are paid according to the CBA. Thus, the CBA is a single, uniform policy that makes the proposed class similarly situated.

Defendant's arguments are also without merit. LMRA preemption still does not apply, as Plaintiff's claims do not require disputed interpretation of the CBA. As this court previously explained, LMRA preemption applies when "evaluation of the . . . claim is inextricably intertwined with consideration of the terms of the labor contract[.]"[27] The court noted that this would apply if Plaintiff made allegations that "require interpreting the CBA—*namely, some failure to comply with the terms of the agreement*[.]"[28] Plaintiff has still not alleged any violation of the CBA, nor does Plaintiff's claim require interpreting the CBA. The CBA is the basis for Mr. Bascom and the proposed class's pay, but it is the actual amount of overtime being paid that is challenged, not Kennecott's interpretation of the CBA.

Nor can the court consider Defendant's argument that they have not violated the FLSA. That is a question on the merits. Indeed, "it is reversible error to resolve a merits issue when determining class certification issues."[29] Here, Plaintiff need only meet "the lenient standard" to

---

[27] Am. Mem. Decision and Order Denying Defendant's Mot. to Dismiss ("Order on MTD") 9, ECF No. 38, filed February 4, 2026 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985)).

[28] Mem. Decision and Order Denying Def.'s Mot. for Reconsideration ("Order on MFR") 11, ECF No. 39, filed February 4, 2026 (citing *Hoops v. Keyspan Energy*, 822 F. Supp. 2d 301 (E.D.N.Y. 2011)).

[29] *Kirkpatrick v. Greenix Holdings, LLC*, No. 2:23-cv-00033, 2024 WL 757158, at *4 (D. Utah 2024) (citing *Thiessen*, 267 F.3d at 1106–07).

make "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[30] Plaintiff has done so.

Accordingly, the court conditionally certifies the following class: All current and former hourly Kennecott employees who were paid a nondiscretionary bonus and/or shift differential during the past three years.

## II.    Notice

Next, Plaintiff proposes a notice plan, including discovery, the content of notice letters, and the distribution of the notice. "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."[31] The purpose of the court's involvement is to "ensure that [the notice] is timely, accurate, and informative."[32]

The parties have recognized the need to meet and confer on the content of the notice letters. The court will order the parties to do so. To expedite the process, the court also addresses certain identified disputes below.

Plaintiff first requests an order for "Kennecott to produce to Plaintiff's Counsel, within ten (10) calendar days of the Court's order granting conditional certification, a computer-readable database that include the names of all putative collective members, along with their job titles, dates of work, department(s) worked, last known mailing address(es), email address(es), and mobile telephone number(s)." Kennecott does not oppose this request. As such, the court will grant it.

---

[30] *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik*, 175 F.R.D. at 678).
[31] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).
[32] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

Plaintiff also requests for the notices to be sent by mail, email, and text message. Kennecott opposes any notice sent by text message. Kennecott claims that text message notice would be costly, burdensome, and invasive. The court disagrees. Text message notice would help fulfil the FLSA's notice procedure's purpose to ensure employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[33] In today's world, text message communication is a common and often preferred form of communication. Courts within this circuit routinely approve text message notice in FLSA cases.[34] The court also does so here. The parties should include discussing the exact contents of the text message notice when they meet and confer.

Kennecott next asserts that the proper statute of limitations for Plaintiff's claim is two years instead of three. Under the FLSA, willful violations carry a three-year statute of limitations, while all other violations are subject to a two-year period.[35] Plaintiff's complaint alleges that Kennecott's violations were willful.[36] Kennecott did not challenge that claim at the motion to dismiss stage, nor has discovery yet taken place. At this point, it is not clear whether Kennecott's alleged violation was willful or not. Thus, the court will not limit the proposed class or notice at this stage.

---

[33] *Hoffmann,* 493 U.S. at 170.

[34] *See Cook v. Dava Mktg., LLC*, No. 2:23-cv-00632, 2025 WL 3514441 (D. Utah Dec. 8, 2025) ("In our era of modern electronic communication, courts routinely find that text messaging, along with mail and email, is an effective and appropriate method to fulfill this purpose."); *Felps v. Mewbourne Oil Co., Inc*., 460 F. Supp. 3d 1232, 1241 (D.N.M. 2020) ("[C]ourts within this district routinely approve notice by mail, email message, *and* text message."); *see also Morris v. MPC Holdings, Inc.*, No. 20-cv-02840, 2021 WL 4124506, at *3 (D. Colo. Sept. 9, 2021) ("The Court finds that text messages and emails are appropriate avenues for providing notice in this case."); *Stenulson v. ROI Sols., LLC*, No. 2:20-cv-00614, 2022 WL 294867, at *4 (D. Utah Feb. 1, 2022) (approving notice by mail and text message).

[35] 29 U.S.C. § 255(a).

[36] Compl. ¶¶ 68–78.

Next, the parties dispute how prominently the notice should convey that the court has not yet decided the merits of the lawsuit. "In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality."[37] "To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."[38] In order to maintain neutrality, the statement that the court has not ruled on the merits of the claim should be clear and prominent. The parties should include discussing how to implement these instructions when they meet and confer.

Kennecott next argues that the notice should inform potential members that they may be responsible for court costs if Kennecott prevails. District courts across the country have split on whether to include a statement about potential court costs in a FLSA notice. Some courts have permitted a cost notice "[b]ecause costs possibly could be awarded to the prevailing party, fairness and accuracy require that potential class members be informed of that possibility."[39] But to mitigate any chilling effect, these courts have typically also required that the notice include a statement that the potential costs do not include Defendant's attorney fees.[40] On the other hand, some courts have prohibited a cost notice because "the chilling effect of defendants' proposed language outweighs its utility . . . given the remote possibility that such costs would be other than

---

[37] *Hoffmann*, 493 U.S. at 170.

[38] *Id.*

[39] *Martinez v. Chenault Consulting, Inc.*, No. 1:20-cv-00954, 2021 WL 4810655, *5 (D.N.M. Oct. 15, 2021); *see also Creten-Miller v. Westlake Hardware, Inc.*, No. CIV.A. 08-2351, 2009 WL 2058734, *4 (D. Kan. July 15, 2009); *Wass v. NPC Int'l, Inc.*, No. 09-2254, 2011 WL 1118774, *8 (D. Kan. Mar. 28, 2011); *Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1127–28 (D.N.M. 2017); *Whitlow v. Crescent Consulting, LLC*, 322 F.R.D. 417 (W.D. Okla. 2017); *In re Bank of Am. Wage & Hour Emp. Litig.*, 286 F.R.D. 572, 599 (D. Kan. 2012).

[40] *Id.*

8

de minimis, and the risk of an *in terrorem* effect that is disproportionate to the actual likelihood that costs will occur in any significant degree."[41]

Here, the court agrees that "[b]ecause costs possibly could be awarded to the prevailing party, fairness and accuracy require that potential class members be informed of that possibility."[42] Multiple courts have awarded costs to prevailing defendants in FLSA cases, including amounts in the tens of thousands of dollars.[43] Thus, "[a]n award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical."[44] For the notice to be fair and accurate, potential class members should be informed of the possibility. That said, this court agrees with other courts that the notice should make clear that "costs" do not include Defendant's attorney fees. The parties should include how to implement this statement in the notice as part of their meet and confer.

### III. Emergency Motion for Protective Order, Corrective Notice, and Requests for Production

Next, the court considers Plaintiff's Emergency Motion for Protective Order, Corrective Notice, and Requests for Production. On or around May 1, 2026, Kennecott sent a letter to its employees informing them of this lawsuit.[45] Plaintiff claims that this letter was misleading and

---

[41] *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 285 (S.D.N.Y. 2019); *see also Hose v. Henry Indus., Inc.*, 49 F. Supp. 3d 906, 919 (D. Kan. 2014); *Abdulina v. Eberl's Temp. Servs.*, No. 14-cv-00314, 2015 U.S. Dist. LEXIS 101809, *21–22 (D. Colo. April 27, 2015); *Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 608 (W.D. Wis. 2006); *Gieseke v. First Horizon Home Loan Corp.*, No. CIV.A. 04-2511-CM, 2006 WL 2919076, *2 (D. Kan. Oct. 11, 2006).

[42] *Martinez*, 2021 WL 4810655, at *5.

[43] *See e.g. Johnson v. Big Lots Stores, Inc.,* Nos. 04–3201, 05–6627, 2009 WL 1870862, at *9–10 (E.D. La. June 25, 2009) (awarding costs related to claims of 43 individual participants who moved to dismiss their claims); *Gomez v. Reinke,* No. CV91–299, 2008 WL 3200794, at *6 (D. Idaho Aug.7, 2008) (awarding costs to defendants for prevailing on merits of class action claims); *Reyes v. Tex. Expawn, L.P.,* No. V–03–128, 2007 WL 4530533, at *2 (S.D. Tex. Dec. 19, 2007) (awarding costs to defendant as prevailing party).

[44] *Creten-Miller*, 2009 WL 2058734, at *4.

[45] Kennecott Letter.

improperly discouraged Kennecott's employees from joining this lawsuit. Kennecott responds that the letter was lawful, neutral, and protected by Kennecott's First Amendment rights.

"[T]here is no mandatory, across-the-board prohibition against employer contact with prospective class members in an FLSA collective action at the pre-certification stage."[46] Still, "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties."[47] "Abuse in this context has been found to 'include communications that are misleading, coercive, or otherwise improper.'"[48]

In their motion, Plaintiff requests an order:

1. Prohibiting Kennecott from communicating with putative collective members and from retaliating against participating employees;

2. Approving Bascom's corrective notice . . . and ordering Kennecott to mail and email the same, on Kennecott letterhead and at Kennecott's expense, to all employees, and to post the Notice in its places of business;

3. Authorizing Bascom's counsel to host an informational meeting—outside the presence of Kennecott executives—about this lawsuit, on Kennecott's premises, during business hours, for currently employed putative collective members;

4. Compelling Kennecott to produce:

> a. The names, addresses, phone numbers, and email addresses of each person to whom the Coercive Letter was sent;

---

[46] *Calderone v. Scott*, No. 2:14-cv-519, 2015 WL 4991865 (M.D. Fla. Aug. 19, 2015) (quoting *Longcrier v. HL–A Co., Inc.,* 595 F.Supp.2d 1218, 1225–26 (S.D.Ala.2008)); *Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1085 (C.D. Cal. 2002) ("Based on the provisions of § 216(b) and the similar Rule 23 pre-certification situation, the Court concludes there is no prohibition against pre-"opt-in" communication with a § 216(b) potential plaintiff, unless the communication undermines or contradicts the Court's notice.").

[47] *Gulf Oil*, 452 U.S. at 100.

[48] *Curry v. Outsourced Assocs. & Staffing, LLC*, No. 2:25-cv-00076, 2026 WL 472962, at *3 (D. Utah Feb. 19, 2026) (quoting *McMullen v. Synchrony Bank*, No. cv 14-1983, 2016 WL 11129736, at *1 (D.D.C. June 20, 2016)).

b. The names and contact information for each person with whom Kennecott communicated about the Coercive Letter;

c. The names and contact information for each person who gave any statement or written response to the Coercive Letter, along with the statement or writing;

d. All emails about the Coercive Letter; and

e. The identities of everyone involved in any aspect of the Coercive Letter, including attorneys.

5. Awarding attorneys' fees and costs.[49]

The court addresses each of these requests in turn.

### A.    Prohibit Communication and Retaliation

While the court "has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties[,] . . . this discretion is not unlimited[.]"[50] When an order limits speech and intersects with First Amendment concerns, the order should be "carefully drawn" and "limit[] speech as little as possible, consistent with the rights of the parties under the circumstances."[51]

Here, Plaintiff seeks a blanket order "[p]rohibiting Kennecott from communicating with putative collective members[.]"[52] This request is without merit. Plaintiff does not propose any limitations on that order or suggest any carefully drawn boundaries. For example, the requested order would prohibit Kennecott from communicating with potential class members about this

---

[49] Em. Mot. 2–3.
[50] *Gulf Oil*, 452 U.S. at 100.
[51] *Id.* at 102.
[52] Em. Mot. 2.

11

action even if the potential class member initiated the conversation. Thus, the court denies Plaintiff's request to prohibit communication.

Further, the court sees no need to enter an order prohibiting retaliation. Federal law already prohibits retaliation, a fact which Kennecott acknowledged in their letter.[53] An order instructing Kennecott to follow the law is unnecessary.

### B.   Corrective Notice

Next, Plaintiff requests for the court to approve a corrective notice. The proposed corrective notice corrects five allegedly inaccurate or misleading statements from Kennecott's letter.[54] Given that the court has now approved notice of the lawsuit, a separate corrective notice is no longer necessary. Any necessary corrective language identified below should be included in the parties' proposed court-approved notice.

First, the corrective notice states that "there has been no determination whether Kennecott complied with all wage and hour laws."[55] However, the court already addressed prominently including a similar statement in the proposed court-approved notice. If Kennecott's letter is misleading on this subject—which the court has not determined—the court-approved notice will cure any such confusion.

---

[53] Kennecott Letter 1 ("You . . . will *not* be retaliated against in any way for your decision to speak or not to speak, or to participate or not to participate in this lawsuit.").
[54] Proposed Corrective Notice 1–4, ECF No. 53-2, filed June 5, 2026.
[55] Proposed Corrective Notice 1–2.

Second, the corrective notice states that "[y]our personal information is not at risk."[56] The court agrees that Kennecott's letter is misleading regarding employee's personal information.[57] Regarding personal information, the letter states:

> We want to inform you about a legal matter that may affect your privacy.
>
> . . . .
>
> The attorneys for this employee have asked for your personal information. This includes your home address, phone number, email, and employment records. The court may order us to provide some of this information in the coming weeks. We would never do that on our own. Kennecott is committed to protecting your privacy, and we will continue to work with the employee's attorneys and the court to protect your personal information. Kennecott will inform you if it is required to share your information as part of this lawsuit.
>
> If Kennecott is required to share your personal information, the employee's attorneys may try to contact you about your work for the company.
>
> . . . .
>
> Please know your rights regarding any contacts from the employee's attorneys:
>
> . . . .
>
> • You can ask these attorneys not to sell or share your personal information[.]
>
> • You can report any harassment or retaliation regarding your decision to speak or not speak to these attorneys to your supervisor, your union representative, the court, or the Utah State Bar.[58]

The court finds that this paints Kennecott as the defender of the employee's personal information, while implying Plaintiff's attorneys may be attempting to access employee's

---

[56] Proposed Corrective Notice 2.
[57] *See Curry*, 2026 WL 472962 at *3 ("Abuse in this context has been found to 'include communications that are misleading, coercive, or otherwise improper.'") (quoting *McMullen*, 2016 WL 11129736, at *1).
[58] Kennecott Letter 1.

personal information for improper purposes, including potentially to "sell or share" the personal information or to harass the employees.[59] Thus, the court finds that the court-authorized notice should include some corrective language on this issue. In their meet and confer, the parties should address neutral language for the proposed court-approved notice that clarifies the use of employees' personal information.

Third, the corrective notice states that "[y]ou can refuse to speak with Kennecott's attorneys."[60] But there is no need to correct any statement on this issue. Kennecott's letter states, in bold, that "[i]t is entirely up to you whether you agree to speak with any attorney in this case, whether they represent Kennecott or the employee."[61] The letter later states "[i]t is also your choice whether to speak to Kennecott's attorneys regarding this lawsuit and you will not be punished or retaliated against for declining to speak with them. We would, however, appreciate your willingness to speak with Kennecott's attorneys, if you are comfortable doing so."[62] Thus, the letter clearly states that the employee can refuse to speak to Kennecott's attorneys. There is no need for corrective notice on this point.

Fourth, the corrective notice states that "[y]ou have the right to participate or not participate in this lawsuit, and Kennecott is prohibited from discouraging participation or retaliating against participants."[63] But Kennecott's letter clearly states this same principle,[64] and

---

[59] *Id.*
[60] Proposed Corrective Notice 2.
[61] Kennecott Letter 1.
[62] *Id.*
[63] Proposed Corrective Notice 2.
[64] Kennecott Letter 1 ("You are *not* obligated to speak with anyone and will not be retaliated against in any way for your decision to speak or not to speak, or to participate or not to participate in this lawsuit.").

14

the proposed court-approved notice already addresses this issue. There is no need for any corrective notice.

Fifth, the corrective notice states that employees should "[c]ontact Plaintiff 's counsel, not Kennecott, with any questions about the case."[65] This proposed statement is itself misleading, suggesting that questions may only be directed to Plaintiff's counsel. The potential class members are free to contact whomever they wish with questions about this lawsuit. The proposed court-approved notice includes Plaintiff's counsel's contact information should they wish to contact them with questions. This is sufficient.

## C. Informational Meeting at Kennecott

Plaintiff next requests to host an informational meeting at Kennecott during work hours. This can be rejected out of hand, as it is clearly out of proportion to Kennecott's letter. The court has approved for notice to be sent via U.S. mail, email, and text. The court finds that mediums typically approved by courts for notice—namely U.S. mail, email, and text—are sufficient here.

## D. Requested Production

Next, Plaintiff requests an order for Kennecott to produce information about who the letter was sent to, who was spoken with about the letter, who responded to the letter, and who was involved in creating the letter. Plaintiff's sole basis for this production request is "[t]he court cannot fix what it cannot measure."[66] But the court finds that the measures ordered above are sufficient. Since conditional certification was granted, Plaintiff will receive contact information for all potential class members. After court approval, the court-approved notice will be sent with

---

[65] Proposed Corrective Notice 3.
[66] Em. Mot. 11.

15

the necessary corrections to all the potential class members. The court sees no reason for more production at this stage.

### E.    Attorney's Fees

Lastly, Plaintiff requests attorney's fees. But after requesting them in the introduction of their motion, Plaintiff never mentions attorney's fees again. Plaintiff provides no legal or factual basis for the request at all. The request for attorney's fees is denied.

### ORDER

Plaintiff's Motion for Conditional Certification and Court-Authorized Notice[67] is GRANTED in PART and DENIED in PART. Plaintiff's Emergency Motion for Protective Order, Corrective Notice, and Requests for Production[68] is GRANTED in PART and DENIED in PART.

The court grants conditional FLSA collective certification for: "All current and former hourly Kennecott employees who were paid a nondiscretionary bonus and/or shift differential during the past three years."

Further, the court orders Kennecott to produce to Plaintiff's Counsel, within ten (10) calendar days of this order, a computer-readable database that includes the names of all putative collective members, along with their job titles, dates of work, department(s) worked, last known mailing address(es), email address(es), and mobile telephone number(s).

---

[67] ECF No. 40.
[68] ECF No. 53.

Signed July 13, 2026.

BY THE COURT

_____

David Barlow
United States District Judge